IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORI GOMEZ, individually, and
as Personal Representative of the
Estate of Phillip Gomez, and as
parent and next friend of Alyssa,
Alexandria and Elijah Gomez, minors,

        Plaintiff,

  vs.                                            CIVIL NO. 12-964 LFG/KBM

UNITED STATE DEPARTMENT
OF AGRICULTURE and UNITED
STATES FOREST SERVICE,

        Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration. [Doc. 38]. The Court considered the Motion and the United States' Response in Opposition [Doc. 41].[1]  Oral argument is not necessary.

In Hatfield v. Bd. of County Comm'r for Converse County, 52 F.3d 858, 861 (10th Cir. 1995), the Circuit stated that federal rules do not recognize a "motion for reconsideration." Instead, courts are to construe such a motion either as one to alter or amend a judgment under Fed. R. Civ. P. 59(e), or as a motion seeking relief from judgment under Rule 60.  The Court will consider it as one filed under Rule 59(e).

A Rule 59(e) motion is intended to allow a court to correct mistakes immediately after judgment. White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982).

---

[1] Plaintiff obtained an extension of time within which to file a reply. However, none was filed. Instead, Plaintiff filed a Notice of Completion of Briefing on December 16, 2013 [Doc. 43].

Appropriate grounds for such a motion include "(1) intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Monge v. RG Petro-Mach (Group) Co. Ltd., 701 F.3d 598, 611 (10th Cir. 2012) (citations omitted).

Gomez does not show any change in controlling law or the discovery of previously unavailable information. A motion for reconsideration should not be an opportunity to reargue positions previously presented. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (observing that a motion to reconsider is an inappropriate vehicle to reargue issues already addressed). Moreover, Gomez does not convince the Court that it made any clear error. The Court neither misunderstood the facts, nor did it misapply the law.

The Court determines that Plaintiff's Motion for Reconsideration is simply a re-presentation of her original argument, in other words, a second bite at the apple. Nothing new is presented that was not already considered by the Court.

Accordingly, Plaintiff's Motion to Reconsider is DENIED.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge